```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HENRY MCLEAN and EDWIN RIVERA,           :    10 Civ. 3950 (DLC)
                                         :
                    Plaintiffs,          :    OPINION AND ORDER
            -v-                          :
                                         :
GARAGE MANAGEMENT CORP., a New York      :
corporation; GARAGE MANAGEMENT ASSOCIATES:
LLLC, a Delaware limited liability       :
company; CHAPMAN CONSULTING PAYROLL LLC, a:
New York limited liability company; and  :
RICHARD M. CHAPMAN, individually,        :
                                         :
                    Defendants.          :
----------------------------------------X
```

APPEARANCES:

For plaintiffs:
Stephen H. Kahn
228 East 45th Street, 17th Floor
New York, NY 10017

For defendants:
A. Michael Weber
Elias J. Kahn
Littler Mendelson, P.C.
900 Third Avenue, 8th Floor
New York, NY 10022-4834

DENISE COTE, District Judge:

   Henry McLean and Edwin Rivera bring the above-captioned action on behalf of themselves and a putative class of similarly situated persons (the "plaintiffs") who are employed as parking attendants at parking garages in New York City owned and/or operated by Garage Management Corp., Garage Management Associates LLC, Chapman Consulting Payroll LLC, Chapman Consulting LLC, and Richard M. Chapman (the "defendants").

Plaintiffs claim that defendants failed to pay them overtime and failed to pay them for all hours worked, in violation of various provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 et seq.; the Portal to Portal Act, 29 U.S.C. 251 et seq.; New York Labor Law ("NYLL") §§ 652, 663; and, New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2, 142-2.4.  Defendants have moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss plaintiffs' NYLL and NYCRR claims on the basis that they are pre-empted by § 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185.  Defendants have also moved pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., to compel the plaintiffs to arbitrate their claims arising under the Fair Labor Standards Act ("FLSA").  Finally, to the extent that NYLL and NYRR claims survive the motion to dismiss, defendants argue that under the FAA these claims must also be arbitrated.  For the following reasons, the motion is denied.

## BACKGROUND

Unless otherwise specified, the following facts are drawn from the plaintiffs' amended complaint filed on January 21, 2011 (the "Complaint") and are assumed to be true for the purposes of this motion.  At all times relevant to the Complaint, plaintiffs were employed as Garage Managers at parking garages owned and operated by the defendants in Manhattan.  In this capacity,

plaintiffs' primary duty was to park and retrieve cars and to process customer payments.  Plaintiffs were regularly required to work in excess of forty hours a week without receiving statutorily required overtime.  Additionally, the plaintiffs' pay stubs did not accurately reflect all hours worked.  In particular, the plaintiffs were not compensated for the time spent bringing each day's receipts and records to the defendants' central office.

Defendants contend that plaintiffs' employment is governed by a collective bargaining agreement between the Garage Employees Union Local 272 International Brotherhood of Teamsters ("Local 272") and the Metropolitan Parking Association, to which the defendants are a party (the "CBA").[1]  Four provisions of the CBA are relevant.  First, Article XIV (the "Wages provision")

---

[1] The CBA is not referenced in or appended to the Complaint. "In determining the adequacy of the complaint," however, "the court may consider . . . any documents upon which the complaint relies and which are integral to the complaint."  Subaru Distribs. V. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005); see also Chapman v. N.Y. State Div. for Youth, 546 F.3d 230, 234 (2d Cir. 2008).  Plaintiffs do not contest the existence of the CBA, but suggest that there may be disputes as to which employees it covers.  It is not necessary to decide whether the CBA covers the plaintiffs since, even if it does, the plaintiffs' statutory claims should not be dismissed.

The parties attached affidavits and deposition transcripts to their motion papers.  This motion is denied without consideration of these additional materials and therefore will not be converted to a motion for summary judgment. See Fed. R. Civ. P. 12(b); Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

establishes a wage scale that is set out in Appendix A to the CBA and provides that

> [e]ach Employee shall be paid on each day in full for all regular time and overtime worked.  All Employees will be paid on the Employer's time and on the Employer's property.

Second, Article XV (the "Hours and Overtime provision") defines what constitutes overtime and provides that overtime "shall be paid for at the rate of time and one half . . . the Employee's regular hourly rate."  Third, Article XX (the "Grievance and Arbitration Procedure provision") provides, in part that:

> If a dispute, claim, grievance, or difference shall arise between the Union and Employer about the interpretation or application of a particular clause of this Agreement or about an alleged violation of a particular provision of this Agreement . . . such grievance shall be handled . . . [by] submit[ting] the grievance to arbitration.

Finally, while the "Non-Discrimination Clause" refers to federal, state, and local anti-discrimination laws, the articles addressing wages, hours, and overtime do not refer to any statutes.

On May 12, 2010, Henry McLean and Edwin Rivera filed the original complaint in this action.  The defendants filed an answer on June 4.  On June 23, the case was reassigned to this Court.  By Order dated August 11, the Court approved the parties' proposed form of notice to potential "opt-in" plaintiffs for this lawsuit's FLSA collective action claim.  On

September 13, the defendants filed an amended answer and following a stipulation between the parties, the defendants filed a second amended answer on September 22.

On November 22, defendants filed a motion to dismiss and to compel arbitration.  That motion became fully submitted on December 13, but on January 1, 2011, the plaintiffs filed a motion to amend the complaint (the "January 1 motion").  By letter dated January 13, the defendants indicated that they did not oppose the plaintiffs' motion to amend the complaint and on January 14, the Court granted the January 1 motion.

On January 21, the defendants filed a motion to dismiss the amended complaint and to compel arbitration.  The January 21 motion became fully submitted on February 18.

## DISCUSSION

While the Complaint states four causes of action -- two under federal law and two under state law -- there are two substantive claims: (1) that the defendants failed to pay overtime to the plaintiffs as required by both the FLSA and NYLL; and, (2) that the defendants failed to pay the plaintiffs for all hours worked as required by the FLSA, the Portal to Portal Act, and NYCRR.  As described below, the state law claims under the NYLL and the NYCRR are not preempted, and the defendants' motion to compel arbitration is denied.

I.   Plaintiffs' State Law Claims Are Not Preempted by LMRA § 301

Defendants contend that the plaintiffs' state law claims should be dismissed as preempted by § 301 of the LMRA, since their resolution requires interpretation and application of the CBA.  Section 301 of the LMRA states that

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties.

29 U.S.C. § 185(a).  Section 301 preempts not only claims directly alleging that a party has violated a provision of a CBA, but also those state-law actions that require interpretation of the terms of a CBA.  See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988); Vera v. Saks & Co., 335 F.3d 109, 114 (2d Cir. 2003).

Section 301, however, does not preempt actions to enforce "state prescribe[d] rules . . . rights and obligations that are independent of a labor contract."  Vera, 335 F.3d at 115 (citation omitted).  Even if resolving a dispute under a state law claim and the CBA "would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." Lingle, 486 U.S. at 409-10.

The plaintiffs' state law claims are legally independent of the CBA and therefore the defendants' motion to dismiss these claims as preempted by § 301 is denied.  Plaintiffs do not seek to enforce any provision of the CBA.  Rather, plaintiffs' claims arise wholly under state law.

Plaintiffs' claim for failure to pay employees for all hours worked arises under § 652(1) of the NYLL, which specifies a minimum wage that "[e]very employer shall pay to each of its employees for each hour worked."  NYLL § 652(1) (emphasis supplied).  Plaintiffs' overtime claim arises under § 142-2.2., which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided" in the FLSA.  NYRR § 142-2.2.  See also Alderman v. 21 Club Inc., 733 F. Supp. 2d 461, 468 (S.D.N.Y. 2010) (holding statutory claims to be independent of the CBA).

Defendants identify three ways in which the plaintiffs' state law claims will require interpretation of the CBA, but none of these examples has merit.  First, defendants note that both the Hours and Overtime provision of the CBA and § 142-2.2 of the NYCRR require employers to pay overtime at a rate of one and one-half times the employee's regular wage.  Despite the parallel language, compliance with § 142-2.2 can be enforced without reference to the CBA's overtime pay requirements.

7

Second, the defendants point out that the CBA's Wages provision includes a detailed scheme for the payment of regular and overtime wages. It is unnecessary, however, to consider the <u>method</u> of payment to determine whether plaintiffs were paid for "each hour worked" as required by state law. Third, the defendants observe that the Court must refer to Appendix A of the CBA to determine the "regular rate" from which the overtime rate is derived. But, "mere referral to the CBA for information such as rate of pay" is insufficient to find that a state law claim is preempted by § 301. <u>Vera</u>, 335 F.3d at 115 (citation omitted).[2]

Next, defendants claim that the state law claims are preempted since defendants' employee "Gerrardo Rodriguez and his union, Local 32BJ, treated issues related to the payment of overtime to [] Garage Managers as requiring interpretation of the applicable CBA." This argument is unavailing. First, it rests on a presentation of facts that lie beyond the scope of this motion to dismiss. Moreover, as defendants themselves

---

[2] Defendants also contend that the overtime claim depends on how the CBA is interpreted since the defendants made "Extra Compensation payments" ("EC payments") to the plaintiffs. EC payments are not mentioned in any provision of the CBA. In any event, as just described, even if the rate at which EC benefits were to be paid was described in the CBA and pertinent to the statutory claim, that would be insufficient to preempt the statutory claim.

8

acknowledge, Local 32BJ and Local 272 operate under different collective bargaining agreements and in the instant case, the Local 272 CBA applies.

Finally, the cases on which the defendants principally rely are distinguishable. In both Ellis v. HarperCollins Publishers, Inc., 99 Civ. 12123 (DLC), 2000 WL 802900 (S.D.N.Y. June 21, 2000), and Garcia v. Allied Parking Systems, 752 N.Y.S.2d 316 (App. Div. 1st Dept. 2002), each plaintiff's claim hinged on an interpretation of a collective bargaining agreement. Ellis, 2000 WL 802900, at *2 (holding that where a "reported violation [was] based on a failure to pay union employees in accordance with the terms of a CBA," the claim was preempted by § 301 (emphasis supplied)); Garcia, 752 N.Y.S.2d at 317-18 (holding that plaintiff's claim for "fail[ure] to pay him overtime at the rate provided in his collective bargaining agreement" was preempted since the dispute centered on how to interpret the wage schedule in the collective bargaining agreement). Plaintiffs in this case, however, may prevail on their state law claims regardless of whether the defendants' paid them in the manner provided in the CBA. Section 663 of the NYLL, which creates the private cause of action to enforce the rights established by NYLL § 652 and NYCRR § 142-2.2, states that "if any employee is paid . . . less than the wage to which he is entitled under the provisions of this article . . . any

agreement between the employee, and the employer to work for less than such wage shall be no defense to such action." NYLL § 663.

II. The FAA Does Not Compel Arbitration of the Plaintiffs' Statutory Claims

Defendants next argue that pursuant to the FAA and the Grievance and Arbitration Procedure provision of the CBA, the plaintiffs should be compelled to arbitrate their federal and state law claims. When a party seeks to compel arbitration of a federal statutory claim, courts must "consider whether Congress intended those claims to be nonarbitrable." JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004) (citation omitted). It is well-established that both FLSA and NYLL claims are susceptible to arbitration and plaintiff does not suggest otherwise. See Reynolds v. de Silva, 09 Civ. 9218 (CM), 2010 WL 743510, at *5 (S.D.N.Y. Feb. 24, 2010) (collecting cases). See also 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1474 (2009) (ADEA claims are arbitrable).

Where statutory claims are susceptible to arbitration, the next inquiry is whether the parties intended to arbitrate such claims, as indicated by the terms of their agreement to arbitrate, in this case the CBA. In Wright v. Universal Mar. Serv. Corp., 525 U.S. 70 (1998), the Supreme Court rejected any presumption of the arbitrability of federal statutory claims

10

pursuant to a CBA, id. at 78-79, and required instead that "any CBA requirement to arbitrate [statutory claims] must be particularly clear."[3] Id. at 79. Since the CBA at issue in Wright did not "clear[ly] and unmistakab[ly] waive[] . . . the covered employees' rights to a judicial forum for federal claims," the plaintiff was permitted to litigate his federal claim in court despite the CBA's broad arbitration clause.[4] Id. at 82. See also Pyett, 129 S. Ct. at 1474 (holding that a collective-bargaining agreement that "clearly and unmistakably" requires union members to arbitrate ADEA claims is enforceable as a matter of federal law).[5]

Although Wright addressed how CBA arbitration clauses should be interpreted with respect to federal statutory claims, Wright, 525 U.S. at 82, there is no basis to distinguish between

---

[3] The arbitration clause at issue in Wright is similar to the CBA's Grievance and Arbitration Procedure provision. It covered "[a]ny dispute concerning or arising out of the terms and/or conditions of this Agreement, or dispute involving the interpretation or application of this Agreement, or dispute arising out of any rule adopted for its implementation." Wright, 525 U.S. at 73.

[4] In their reply brief, defendants concede that under controlling precedent the arbitration agreement must "clearly and unmistakably require employees to arbitrate the claims at issue."

[5] Wright rejected the presumption of arbitrability provided by the LMRA and did not consider the applicability of the FAA. Wright, 525 U.S. at 77 n.1.

11

claims arising under state and federal statutes.  The Court emphasized the need to protect the right to the judicial forum provided by statute when there was a "less-than-explicit union waiver in a CBA."  Id. at 80.  Thus, when a dispute concerns the enforcement of a state or federal statute as opposed to the application or interpretation of a CBA, arbitration will only be compelled if "clearly and unmistakably" chosen by the parties.  Indeed, New York courts have applied the "clear and unmistakable" standard to determine whether a CBA agreement compels arbitration of state statutory claims.  McClellan v. Majestic Tenants Corp., 889 N.Y.S.2d 846, 847 (App. Div. 1st Dept. 2009) (city and state anti-discrimination statutes); Torres v. Four Seasons Hotel of N.Y., 715 N.Y.S.2d 28, 29 (App. Div. 1st Dept. 2000) (NYLL § 196-d).

The arbitration clause in a CBA will clearly and unmistakably apply to statutory claims if either of two conditions is met:

> First, a waiver is sufficiently explicit if the arbitration clause contains a provision whereby employees <u>specifically agree to submit all federal causes of action</u> arising out of their employment to arbitration. . . . Second, a waiver may be sufficiently clear and unmistakable when the CBA contains an <u>explicit incorporation of the statutory</u> . . . . <u>requirements</u> in addition to a broad and general arbitration clause.  Courts agree that <u>specific incorporation requires identifying the . . . statutes by name or citation</u>.

Rogers v. N.Y. Univ., 220 F.3d 73, 76 (2d Cir. 2000) (per curiam) (citation omitted) (emphasis supplied), abrogated on other grounds by Pyett, 129 S. Ct. at 1474.

Since the CBA's Grievance and Arbitration Procedure does not clearly and unmistakably apply to the plaintiffs' statutory claims, the defendants' motion to compel arbitration is denied. The Grievance and Arbitration Procedure requires arbitration of disputes regarding "the interpretation or application of a particular clause of [the CBA] or . . . an alleged violation of a particular provision of [the CBA]." The CBA does not provide that "all federal causes of action arising" from the plaintiffs' employment will be subject to arbitration, nor does it "explicit[ly] incorporate[e]" the requirements of the FLSA or NYLL. See Rogers, 220 F.3d at 76. The CBA's arbitration clause is more akin to the "very general" provision in Wright. Wright, 525 U.S. at 73, 80. See also Duraku v. Tishman Speyer Properties, Inc., 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010) (compelling arbitration where agreement between union and employer "expressly require[s] the resolution of the plaintiffs' statutory claims through mediation and/or arbitration").

Defendants cite three district court cases to support their argument that the CBA's arbitration clause "clearly and unmistakably" covers the plaintiffs' statutory claims. Two of these cases are inapposite since they concern employment

13

agreements as opposed to collective bargaining agreements. See Arrigo v. Blue Fish Commodities, 704 F. Supp. 2d 299, 301 (S.D.N.Y. 2010); Reynolds, 2010 WL 743510, at *1.[6] Moreover, in Arrigo, the arbitration clause authorized "the [a]rbitrator . . . to resolve all federal and state statutory claims," thereby meeting the first prong of the Rogers test for a "clear and unmistakable waiver." Arrigo, 704 F. Supp. 2d at 301. Finally, in Hammerslough v. Hipple, 10 Civ. 3056 (NRB), 2010 WL 4537020 (S.D.N.Y. Nov. 4, 2010), the plaintiff who opposed arbitration did not dispute that the FLSA and NYLL claims fell "within the scope of the arbitration clause or that the statutory rights at issue [were] arbitrable." Id. at *2.

---

[6] In Pyett, the Supreme Court noted that when determining whether Congress intended to permit a federal statutory claim to be arbitrable, "[n]othing in the law suggests a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representation." Pyett, 129 S. Ct. at 1465. It reiterated, however, that any "agreement to arbitrate statutory antidiscrimination claims [must] be explicitly stated in the collective bargaining agreement." Id. (citing Wright, 525 U.S. at 80).

## CONCLUSION

The defendants' January 21, 2011 motion to dismiss the complaint and to compel arbitration is denied.

SO ORDERED:

Dated:   New York, New York
         March 29, 2011

```
                            _____
                                    DENISE COTE
                            United States District Judge
```