UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
HENRY MCLEAN and EDWIN RIVERA,
       Plaintiffs,
  -versus-

GARAGE MANAGEMENT CORP., a New York Corporation;
GARAGE MANAGEMENT ASSOCIATES LLC, a Delaware
Limited Liability Company; CHAPMAN CONSULTING
PAYROLL LLC, a New York Limited Liability Company;
CHAPMAN CONSULTING LLC, a New York Limited
Liability Company; and RICHARD M. CHAPMAN,
Individually,

       Defendants.
-----------------------------------------------------------------------x

10 Civ. 3950 (DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/12

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF REVISED CLASS ACTION SETTLEMENT, AND AWARDS OF SERVICE FEE TO CLASS REPRESENTATIVES, ATTORNEYS' FEES, AND LITIGATION COSTS AND FEES**

By Order dated July 30, 2012 the Court granted Plaintiffs' motion for preliminary approval of a class action settlement and class action notice, established settlement and objection procedures and scheduled a class action Fairness Hearing. This matter now comes before the Court on the parties' November 1, 2012 Joint Motion for final approval of their Revised Settlement Agreement, and awards of a service fee to the class representatives; and attorneys' fees to Class Counsel as well as litigation costs and fees. Based upon the parties' compliance with the procedures set forth in the July 30 Order, the Fairness Hearing conducted on November 9, 2012 and no objection to the settlement having been received; and also based upon all the prior proceedings herein and the agreement of the parties, it is

**ORDERED, ADJUDGED AND DECREED:**

1. The Court grants final approval of the settlement memorialized in the Revised Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to Kahn Aff. (11/2/12)

as Exhibit A.

2.   The Court finds that this class action settlement is procedurally and substantively fair, reasonable, and adequate. Fed.R.Civ.P. 23(e). To determine procedural fairness, courts evaluate the negotiating process leading to the settlement. *Wal–Mart Stores, Inc. v. Visa USA. Inc.*, 396 F.3d 96, 116 (2d Cir.2005). Substantive fairness is evaluated according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974).

3.   The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions. The active involvement of the Magistrate Judge reinforces the conclusion that the Settlement Agreement is non-collusive.

4.   The *Grinnell* factors weigh in favor of final approval. Those factors are; (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463.

~~Even at the extremely advanced stage of this litigation, Plaintiffs are challenged by continued complexity, cost and delay. Settlement addresses these concerns on terms that favor the class.~~ The class's reaction to the settlement has been favorable as demonstrated by the absence of objections and the significant percentage of class members who have made claims

during the settlement process. The fact that this settlement occurred at a late stage in this litigation weighs in favor of satisfaction of *Grinnell* factors 3 through 6. The extensive discovery permits the parties to resolve the case responsibly. The ability of defendants to withstand a greater judgment is uncertain given the complexity of defendants' corporate structure. The settlement fund is substantial, even in light of the best possible recovery. GMC will pay a substantial amount - $1,651,000. This settlement achieves a significant recovery for the class especially when measured against the attendant risk and delay. Plaintiffs will receive full compensation for unpaid overtime. All class members who submitted evidence of off-the-clock violations will receive OTC pay. ~~The potential "value added" from continued litigation does not appear to be great.~~ The Revised Settlement Agreement includes full liquidated damage and prejudgment interest awards.

5. The Court approves an award of a $7,500 Service Fee to each of the two Class Representatives. The Class Representatives, as current employees, served despite the risk of retaliation. The willingness to risk one's livelihood is a "special circumstance justifying a Service Award. These service awards could not have encouraged these class representatives to act from self-interest as opposed to class-interest because during the substantive settlement negotiations the Class Representatives were not aware that the Court could make such a service payment award. *Diaz v. Scores Holding Co., Inc.*, 07 CIV. 8718 THK, 2011 WL 6399468 (S.D.N.Y. July 11, 2011); *Matheson v. T-Bone Rest., LLC*, 09 CIV. 4214 DAB, 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011); *Velez v. Novartis Pharmaceuticals Corp.*, 04 CIV 09194 CM, 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010) (service payments especially appropriate in employment litigation given the risks undertaken by employees; collecting cases).

6. The Court approves the application for an award of attorneys' fees in the amount of $544,333 to Class Counsel Kahn Opton LLP computed as 1/3 of the $1,600,000 overtime settlement amount, *i.e.* $533,333 plus 21.5% of the $51,000 OTC settlement amount, *i.e.* $11,000. In wage and hour class action lawsuits, public policy favors attorneys' fee awards based upon a percentage of the common fund, as opposed to a loadstar method. *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *7 (S.D.N.Y. Aug. 16, 2011). See, *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005). The fee award satisfies the six factor test enumerated in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 48-50 (2d Cir. 2000): (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Class counsel calculates the fee lodestar as 697 hours at a $550 hourly rate, or $383,350. ~~The lodestar method provides a rough "baseline" "cross check" of the reasonableness of percentage method fee awards; however, for cross-check purposes, the "hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger*, 209 F.3d at 50. The Court is satisfied that the lodestar multiplier is well within an acceptable range.~~

7. The Court approves an award of litigation costs and fees incurred in prosecuting this lawsuit in the amount of $12,408. The fees and costs include necessary expenses such as filing fees, expert fees, photocopy charges, postage for mailings to the class, and the purchase of transcripts. *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (approving reasonable compensation for incurred, incidental and necessary out-of-pocket

expenses that are customarily charged to clients).

8. The Court will enter Judgment in accordance with the Revised Settlement Agreement and dismiss the case. The "Effective Date" shall be the date the Court enters such Order and Judgment.

9. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel and the Service Awards to Named Plaintiffs upon an Order granting Final Approval of the Settlement, as set forth in the Settlement Agreement.

10. All other terms of the Settlement Agreement are incorporated in this Order. The parties shall abide by those terms.

SO ORDERED:

_____
HON. DENISE L. COTE
U.S.D.J.

November 9, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY MCLEAN and EDWIN RIVERA,<br><br>Plaintiffs,<br><br>-against-<br><br>GARAGE MANAGEMENT CORP., a New York Corporation; GARAGE MANAGEMENT ASSOCIATES LLC, a Delaware Limited Liability Company; CHAPMAN CONSULTING PAYROLL LLC, a New York Limited Liability Company; CHAPMAN CONSULTING LLC, a New York Limited Liability Company; and RICHARD M. CHAPMAN, Individually,<br><br>Defendants. | Index No. 10-Civ.-3950 (DLC)<br><br>REVISED JOINT STIPULATION OF SETTLEMENT AND RELEASE |

   This Joint Stipulation of Settlement and Release ("Settlement Agreement") is made by the Class Representatives, the class of individuals they represent (collectively, "Plaintiffs"), and Defendants (collectively "GMC").

   WHEREAS, Henry McLean and Edwin Rivera ("Class Representatives") commenced this action on May 12, 2010 by the filing of a Summons and Complaint and subsequently amended their Complaint;

   WHEREAS, the Amended Complaint asserted class claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law §§ 650 *et seq.* ("NYLL"), and sought recovery of unpaid overtime wages (the "Overtime Claim") and payment for time worked off-the-clock, (the "OTC Claim") plus liquidated damages, interest, and attorneys' fees and costs;

   WHEREAS, GMC denied the claims and does not concede liability, notwithstanding the prior determinations of the Court, but agrees to settle this litigation to avoid the burden and uncertainty of continuing litigation;

   WHEREAS, Class Counsel has prosecuted this case by, among other activities, deposing numerous witnesses, interviewing class members, reviewing and analyzing relevant documents and including payroll data, engaging in motion and trial practice and evaluating the merits of this action and Settlement Agreement; and

   WHEREAS, Class Counsel concluded that this Settlement Agreement is fair, reasonable and adequate and in the best interests of the Plaintiffs based upon an evaluation of factors including the risk that continuing litigation might result in a recovery that is less favorable to

Plaintiffs, and that any recovery would probably be delayed for at least one year.

NOW, THEREFORE, in consideration of the mutual promises set forth in this Settlement Agreement, the Parties agree to settle this action as follows:

1.   DEFINITIONS.

1.1   "Claim Forms" mean the Claim Form (attached hereto as <u>Exhibit A</u>) and IRS Form W-9.

1.2   "Class Representatives" refers to the named Plaintiffs.

1.3   "Class Members" refers to all individuals in the class certified by the Court's Order dated October 21, 2011, but excluding the following individuals who submitted valid, timely class action exclusion requests: Bob Tansey, Pierre Prepetit, Arnold Herrera, Javier Sanchez, and Ricot Paillant.

1.4   Counsel. "Class Counsel" refers to Kahn Opton LLP and Stephen H. Kahn. "Defendants' Counsel" refers to mean Littler Mendelson, P.C., A. Michael Weber and Elias J. Kahn.

1.5   "Covered Period" is the period from May 12, 2010 through the date of this settlement.

1.6   "Effective Date" shall be the date the Court enters an Order Granting Final Approval approving this Settlement Agreement including its determination of awards of attorneys' fees and costs, and any service fee to Named Plaintiffs.

1.7   "Defendants" or "GMC" refers collectively to Garage Management Corp., Garage Management Associates LLC, Chapman Consulting Payroll LLC, Chapman Consulting LLC, and Richard M. Chapman, Individually.

1.8   "Fairness Hearing" shall mean the hearing on the Motion for Final Approval.

1.9   "Net Settlement Payment" refers to the remainder of the Settlement Payment after deduction for any court-approved awards of attorneys' fees and costs and any service fees to Named Plaintiffs.

1.10   "Order Granting Approval of Reversion" refers to an Order entered by the Court approving Defendants' motion to return any unclaimed and/or uncashed monies in the Reversionary Fund.

1.11   "Order Granting Final Approval" refers to the final Order entered by the Court after the Fairness Hearing.

1.12   "Order Granting Preliminary Approval" refers to the Order entered by the Court preliminarily approving, *inter alia*, the terms of this Settlement Agreement, the manner and

timing of providing notice to the Class Members, and the time period for Class Members to file objections.

1.13 "Qualified Claimant" refers to Class Members who timely submit a valid Claim Form (Exhibit A).

1.14 "Settlement Administrator" shall refer to Simpluris, Inc., the third-party entity appointed by mutual agreement of the parties.

1.15 "Settlement Award" refers to the gross amount payable to each Qualified Claimant based on the schedules agreed to by the Parties.

1.16 "Settlement Payment" means the $1,651,000.00 payment that GMC has agreed to pay to settle this action, including attorneys' fees, costs, and any service fee to Named Plaintiffs approved by the Court.

1.17 "Settlement Fund" refers to the fund administered by the Settlement Administrator containing the Net Settlement Payment and other monies paid by GMC for the purpose of distributing the Net Settlement Payment to Qualified Claimants, such as administration costs and/or payroll taxes, as applicable.

1.18 "Reversionary Fund" means all monies remaining in the Settlement Fund after all payments required by this Agreement have been paid, which remain Defendants' property and shall be returned to Defendants by the Settlement Administrator upon the Court's issuance of an Order Granting Approval of Reversion.

2. APPROVAL AND CLASS NOTICE.

2.1 Plaintiffs will file a Motion for Preliminary Approval of this Settlement Agreement including awards of attorneys' fees and costs, and any service fee for the Class Representatives, a proposed Notice of Settlement of the Class Action suit and Fairness Hearing, and a proposed Order Preliminarily Approving the Settlement. If the Court denies the Preliminary Approval Motion, then the litigation will resume unless the Parties agree to seek reconsideration or seek Court approval of a renegotiated settlement. If a mutually agreed settlement is not approved, the case will proceed as if no settlement had been attempted.

2.2 Appointment Of The Settlement Administrator.

(A) Within five (5) business days of the execution of this Settlement Agreement, the Parties shall engage Simpluris, Inc. as Settlement Administrator.

(B) The Settlement Administrator shall be responsible for:

(1) preparing, printing and disseminating by one first class mailing to the Class Members the Notice of Class Action Settlement and Claim Forms within seven (7) days after the Court's preliminary approval of this Agreement (the Settlement Administrator will include self-addressed, stamped envelopes);

(2) receiving and reviewing the Claim Forms submitted by the Class Members to determine eligibility for payment;

(3) mailing one reminder notice to Class Members if no Claim Form was received within thirty (30) days of the initial mailing (the reminder notice shall include only resending the Notice and Claim Forms with an Addendum coversheet stating "Reminder Notice" and a self-addressed, stamped envelope);

(4) paying the Court-approved attorneys' fees and costs within seven (7) business days of receipt of notice of final approval of this Settlement Agreement by the Court.

(5) following the Court's Order Granting Final Approval of the settlement, paying the individualized Settlement Awards for Qualified Claimants within fourteen (14) days of the Settlement Administrator's receipt of the Claim Forms in such amounts as shall be set forth in the schedules to be submitted jointly by Counsel within ten (10) days after the Court's Order Granting Preliminary Approval of the Settlement;

(6) mailing the payments describe in paragraphs 2.2(B)(4)-(5), above;

(7) ascertaining current address and addressee information for each Class Notice and applicable Claim Form returned as undeliverable by conducting one skip trace and re-mailing of the Class Notice and applicable Claim Form to any new address received as a result of a skip trace;

(8) providing Defendants' counsel and Class Counsel with an updated address list for Class Members, reflecting any updated addresses discovered by the Settlement Administrator over the course of administering the Class Notice and Claim Forms;

(9) performing all tax reporting duties required by federal, state or local law and making timely payment of GMC's share of payroll taxes;

(10) responding to inquiries of Class Members regarding the terms of settlement and procedures for filing objections or Claim Forms;

(11) referring to Class Counsel all inquiries by Class Members regarding matters not within the Settlement Administrator's duties specified herein;

(12) responding to inquiries of Counsel regarding the administration of the settlement;

(13) tracking Claim Form deficiencies, as described below;

(14) apprising counsel for the parties of the activities of the Settlement Administrator, including promptly providing copies to Defendants' Counsel of all electronic or written communications between the Settlement Administrator, Class Counsel, Plaintiffs, and/or the Class Members upon initial or first transmission by the Settlement Administrator, Class Counsel, Plaintiffs, and/or the Class Members;

(15) maintaining adequate records of its activities, including the dates of the mailing of Class Notices and mailing and receipt of Claim Forms, returned mail and other communications, and attempted written or electronic communications with Class Members;

(16) confirming in writing the substance of its activities and its completion of the administration of the settlement;

(17) escheating checks un-cashed to the appropriate state agency, to the extent required by law;

(18) under no circumstances shall the Settlement Administrator alter the content or substantively alter the format of the Class Notice or the Claim Form;

(19) immediately notifying Class Counsel of the names of all Class Members who have not submitted valid Claim Forms within 30 days of the Settlement Administrator's mailing of such forms; and

(20) such other tasks as the Parties mutually agree.

(C) The Parties will provide the Settlement Administrator with a copy of this Settlement Agreement.

(D) Defendants will provide the Settlement Administrator with records reasonably necessary for the Settlement Administrator to perform its duties. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement Agreement have been fully carried out.

3.   NOTICE AND CLAIMS PROCESS.

3.1   Within five (5) days of the Parties' engagement of the Settlement Administrator, GMC shall provide to Class Counsel and to the Settlement Administrator a list containing the name, last known address and social security number for each Class Member, along with the list of states they worked in for GMC.

3.2   The Settlement Administrator shall mail the Notice of Class Action Settlement, and Claim Forms, within seven (7) days after the Court's preliminary approval, to all Class Members via first class mail. If such mailed notices are returned as undeliverable, the Settlement Administrator shall immediately (i) conduct one skip trace to determine a current mailing address and shall promptly re mail the Notice of Class Action Settlement, and applicable Claim Forms to any new addresses disclosed through such efforts, and (ii) notify Class Counsel of its activity. GMC shall cooperate with the Settlement Administrator in ascertaining the best address for each Class Member. If no Claim Form is received within thirty (30) days of the initial mailing, the Settlement Administrator will mail out a Reminder Notice as set forth in Paragraph 2.2(B)(3), above.

3.3   No later than fourteen (14) calendar days before the Fairness Hearing, the Settlement Administrator shall file with the Court a declaration verifying that the Notice of Class Action Settlement and Claim Forms were disseminated in accordance with the Order of Preliminary Approval.

3.4   [INTENTIONALLY OMITTED] *for Plaintiffs*   *for Defendant GMC*

3.5   In order to receive a Settlement Award, each Class Member must return, postmarked within ninety (90) days of mailing of the initial Notice of Class Action Settlement, a Claim Form (<u>Exhibit A</u>), thereby making that individual a Qualified Claimant. If a Class Member fails to return a copy of IRS Form W-9, the Settlement Administrator will make all applicable federal, state and/or city income tax withholdings from non-wage damages.

3.6   In the event that the Settlement Administrator concludes that a claim is untimely or invalid pursuant to the express terms of this Agreement, then the Settlement Administrator will send written notice to the claimant and Class Counsel of the claim's deficiency. This notice shall state that the claimant may contest the denial by submitting any written materials that support the timeliness of the claim within ten (10) days.

3.7   Claims received after the deadline set forth herein are to be deemed untimely and invalid. The Settlement Administrator and Class Counsel shall review all claims contested as untimely and submit all contested claims and any supporting documentation to the Court to decide their validity within seven (7) days of receiving notice of the contested claims. The Court's decision will be final and binding. After this decision, and assuming the Court has entered an Order of Final Approval, the Settlement Administrator shall promptly pay any claims ruled valid.

[THIS SPACE INTENTIONALLY LEFT BLANK]

4.   <u>SETTLEMENT PAYMENT AND CALCULATION OF CLAIMS.</u>

4.1   In consideration for the mutual covenant and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

(A)   Within fourteen (14) days after the Court's Order granting Preliminary Approval of the settlement, Defendants agree to pay One Million Six Hundred and Fifty-One Thousand Dollars, or $1,651,000.00 (the "Settlement Payment"), to the Settlement Administrator to resolve the claims of all Qualified Claimants, including attorneys' fees, costs and any service fees to Named Plaintiffs approved by the Court. Settlement Awards will be made out of the Settlement Fund on a claims-made basis.

(B)   The Settlement Payment shall be allocated as follows:

(1)   <u>Overtime Claim</u>. GMC agrees to pay $1,600,000 to resolve claims for the unpaid overtime pay ("Overtime Claim"), including all Court-approved attorneys' fees and costs associated with the Overtime Claim. The Net Settlement Payment to Class Members for the Overtime Claim shall be allocated in accordance with the schedule agreed to by the Parties which shall reasonably reflect each individual Class Member's proportional share of all

recognized claims for unpaid overtime. The schedule shall separately allocate to each Class Member an amount to be paid on account of liquidated damages and prejudgment interest computed in accordance with the Order of the Court. If Counsel are unable to agree on such a schedule, then the parties agree that such matter shall be determined by a U.S. Magistrate Judge in accordance with such procedures as the Magistrate Judge deems appropriate. The parties agree that such determination shall be final and binding and waive their right to object or appeal said determination.

(2) <u>Off-the-Clock Claims</u>. GMC agrees to pay $51,000 to resolve all OTC Claims including attorneys' fees associated with the OTC Claims. Subject to approval by the Court, $11,000 of this sum shall be paid to Class Counsel in full satisfaction of attorneys' fees connected exclusively with the OTC Claims. No costs or service fee shall be paid in connection with the OTC Claims. The remaining $40,000 balance shall be paid to only those twenty-one (21) Class Members identified in the Joint Pretrial Order as having evidence (trial affidavits or deposition) in support of OTC Claims. Payment shall be allocated in accordance with the schedule agreed to by the Parties, which shall reasonably reflect each individual Class Member's proportional share of all recognized OTC claims. If Counsel are unable to agree on such a schedule, then the parties agree that such matter shall be determined by a U.S. Magistrate Judge in accordance with such procedures as the Magistrate Judge deems appropriate. The parties agree that such determination shall be final and binding and waive their right to object or appeal said determination.

4.2 <u>Payment Terms</u>. The Settlement Administrator will distribute the Settlement Payment as follows:

(A) <u>Attorneys' Fees and Costs</u>. The Parties agree and Class Counsel accepts to be paid, as attorneys' fees, a total amount of $544,333.00 ("Attorneys' Fees"). This amount includes $533,333.00 for the Overtime Claim (or 33% of the $1,600,000.00 allocated to the Overtime Claim) and $11,000.00 of the amount allocated for the OTC Claim. In addition, the Parties agree and Class Counsel accepts to be paid, as costs, a total amount of $12,408.00 ("Costs"). The Settlement Administrator will pay the total amount of Attorneys' Fees and Costs of $556,741.00 to Class Counsel within seven (7) business days of receipt of notice of final approval of this Settlement Agreement by the Court.

(B) <u>Service Fees</u>. If the Court approves payment of a service fee to the Class Representatives, then Named Plaintiffs Henry McLean and Edwin Rivera will each be paid a $7,500 for their services as Class Representatives ("Service Fees"). The Settlement Administrator will pay the Service Fees to named Plaintiffs along with their Individualized Settlement Awards after the Court issues its Order Granting Final Approval of the Settlement and within seven (7) business days of receiving their Claim Forms. If the Service Fees are not approved by the Court, that money will be allocated to Class Members as part of the Settlement Awards for Overtime Claims as described in Paragraph 4.1(B), above.

(C) <u>Settlement Awards</u>. The Parties agree that the Settlement Administrator will pay Qualified Claimants a Settlement Award based on the schedules agreed to by the Parties for the Overtime and OTC Claims after the Court issues its Order Granting Final Approval of the Settlement. The Settlement Administrator will mail out payments no less frequently than every

fourteen (14) days after the Court's Order Granting Final Approval. The Settlement Administrator will mail payments to those Qualified Claimants whose Claim Forms were received in the preceding fourteen-day interval.

(D) The Parties agree that all costs of notice and claims administration will be paid by Defendants.

(E) Tax Treatment; Form of Payment.

(1) <u>Wages</u>. Defendants will withhold or cause to be withheld from all wages paid to Qualified Claimants all applicable W-2 payroll taxes, and will pay or cause to be paid the employer's share of such taxes relating to its payment of wages. Wage damages shall be reported on IRS Form W-2. The Parties agree that GMC is responsible for paying the employers' share of any payroll taxes.

(2) <u>Non-wage Damages</u>. All non-wage damages (i.e., liquidated damages, prejudgment interest, and any Court-approved Service Fees) shall be reported on IRS Form 1099-MISC. If a Qualified Claimant fails to return a copy of IRS Form W-9, the Settlement Administrator will make all applicable federal, state and/or city income tax withholdings from non-wage damages.

(3) <u>Attorneys' Fees</u>. Attorneys' fees paid to Class Counsel shall be reported on IRS Form 1099-MISC.

(4) Plaintiffs acknowledge that they have not received or relied upon any advice from Class Counsel, Defendants' Counsel or GMC as to the taxability of the payments received pursuant to this Agreement. Each individual Class Member will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement other than employer payroll taxes.

(F) Any monies remaining in the Settlement Fund following all payments set forth above ("Reversionary Fund") remains Defendants' property if any such monies were advanced to the Settlement Administrator. The Reversionary Fund shall be returned to GMC upon the Court's Order Granting Approval of Reversion, as set forth in this Paragraph, below.

(G) <u>Unclaimed Funds, Uncashed Checks and Reversion to GMC</u>.

(1) If Class Members fail to submit any Claim Forms within sixty (60) days of the initial or Reminder Notice of Class Action Settlement as set forth in Paragraph 3 above, those funds will remain Defendants' property and will be subject to reversion to GMC upon Court approval. The Settlement Administrator will inform Class Counsel of the names these Class Members as set forth in Paragraph 2.2, above.

(2) If payments to Class Members are not cashed within ninety (90) days of the check date following all payments set forth above, the checks will be void and the money will remain Defendants' property, subject to reversion to GMC upon Court approval as set forth below. The Settlement Administrator will notify the parties of any uncashed checks in writing.

(3) The Reversionary Fund will consist of the unclaimed funds and uncashed checks described above. Plaintiffs will inform Defendants' Counsel if any "Good Cause" exists to object to reversion within fourteen (14) days of written notice of the uncashed checks from the Settlement Administrator. "Good Cause" shall include, but not be limited to, mailing or other administrative mistakes by the Settlement Administrator or interference by GMC with any Class Member's right to receive a settlement payment.

(4) Defendants will submit a motion seeking the Court's approval for returning the Reversionary Fund to GMC after conferring with Plaintiffs to resolve any objections. If the parties are unable to resolve any objections, Class Counsel will submit a motion to the Court setting forth the names of the Class Member(s) at issue, the amounts of the Settlement Award(s) that Plaintiffs object to, and the basis for each objection.

(5) The monies in the Reversionary Fund shall be returned to GMC by the Settlement Administrator within fourteen (14) days of the Court's issuance of an Order Granting Approval of Reversion.

4.3   Objections to Settlement.

(A) Class Members who wish to object to the proposed settlement at the Fairness Hearing must first do so in writing mailed to the Clerk of the Court via First Class U.S. mail and be postmarked by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which date shall be thirty (30) days after the Settlement Administrator mails such Notice to such Class Member.

(B) Any Class Member who files a timely objection may appear at the Fairness Hearing in person or through legal counsel. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits the written objections. An objector may withdraw his/her objections at any time.

(C) The Parties may file with the Court written responses to any filed objections prior to the Fairness Hearing.

4.4   Motion for Order Granting Final Approval. Not later than five (5) calendar days before the Fairness Hearing, Plaintiffs may submit an additional Motion for Order Granting Final Approval. The Fairness Hearing shall be held at the Court's convenience.

4.5   Entry of Order Granting Final Approval. At the Fairness Hearing, the Parties will request that the Court, among other things, (a) enter an Order Granting Final Approval in accordance with this Settlement Agreement, (b) approve the Settlement Agreement as final, fair, reasonable, adequate, and binding on all Class Representatives and Class Members, (c) dismiss the Litigation with prejudice, and (d) enter an order permanently enjoining Class Members from pursuing and/or seeking to reopen claims that have been released by this Settlement Agreement.

4.6   Effect of Failure to Grant Final Approval. If the Court fails to grant final approval of this Settlement Agreement, then the Parties shall proceed as follows: The litigation will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the litigation will proceed as if no settlement had been attempted. Additionally, notice will be provided to Class Members, in such manner as the Court determines, that the Settlement Agreement did not receive final approval and that, as a result, no payments will be made to Class Members.

4.7  Release of Claims.  By operation of the entry of the Order Granting Final Approval, and except as to such rights or claims as may be created by this Settlement Agreement, the Class Representatives and every Class Member shall be deemed to have forever and fully released all federal and New York state wage and hour claims that were asserted or that could have been asserted in this lawsuit and that arose in the course of the Class Representatives' or Class Members' employment with GMC during the Covered Period. Class Members who have opted-out of this lawsuit have not by operation of the entry of the Order Granting Final Approval, released their federal or New York state wage and hour claims, if any.

4.8  No Retaliation.  GMC will not retaliate against Plaintiffs for their participation in the Litigation and/or this Settlement. Neither GMC nor its agents or representatives shall attempt to persuade any Class Member to refuse, or not accept, any payment made pursuant to this Agreement.

4.9  Release of Fees and Costs for Settled Matters.  Class Counsel and Plaintiffs release any claim that they may have against GMC for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs except as awarded pursuant to this Settlement Agreement. Any fee payments approved by the Court will be the final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in this litigation.

4.10  No Assignment.  Class Counsel and Class Representatives, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

4.11  Non Admission of Liability.  By entering into this Settlement Agreement, GMC in no way admits any violation of law or liability whatsoever to Plaintiffs, all such liability being expressly denied. This Settlement Agreement and all acts performed or documents executed pursuant to this Agreement:  (a) shall not be used as an admission or evidence of any wrongdoing or liability on the part of GMC or of the truth of any of the factual allegations; (b) may not be used as an admission or evidence of fault or omission on the part of GMC in any civil, criminal, administrative or arbitral proceeding; and (c) may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Settlement Agreement. This Settlement Agreement shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Settlement Agreement.

5. MISCELLANEOUS.

    5.1    <u>Cooperation Between the Parties; Further Acts</u>. The Parties shall cooperate and use their best efforts to obtain the Court's preliminary and final approval of this Settlement Agreement. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement. Class Counsel shall bear the burden of initially preparing all motions and moving papers and documents necessary to obtain preliminary and final approval of this Settlement Agreement.

    5.2    <u>Entire Agreement</u>. This Settlement Agreement constitutes the entire agreement between the Parties. The Parties have not relied on any promises or discussions extrinsic to this Settlement Agreement.

    5.3    <u>Binding Effect</u>. This Settlement Agreement shall be binding upon the Parties and, with respect to Class Representatives, Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns the Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length. All terms and conditions of this Settlement Agreement in the exact form set forth in this Settlement Agreement are material to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

    5.4    <u>Construction; Choice of Law</u>. The captions of this Settlement Agreement shall have no effect upon the interpretation of this Settlement Agreement. Each party participated in the drafting this Settlement Agreement, so it shall not be construed against any party by virtue of draftsmanship. This Settlement Agreement shall be interpreted and governed under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

    5.5    <u>Blue Penciling</u>. Following the Effective Date, if any provision of this Settlement Agreement is held by a court of competent jurisdiction to be unlawful or unenforceable, the remaining portions of this Settlement Agreement will remain in full force and effect, unless such determination eliminates the essence of the benefit to any party in entering into this Settlement Agreement.

    5.6    <u>Continuing Jurisdiction</u>. The Court shall retain jurisdiction over the interpretation, enforcement and implementation of this Settlement Agreement.

    5.7    <u>Extension of Time</u>. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

    5.8    <u>Waivers, Amendments, Etc. To Be in Writing</u>. No waiver or amendment of the terms of this Settlement Agreement shall be valid unless in writing, signed by or on behalf of the Parties and then only to the extent set forth in such writing, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of future

performance of the same provisions or of any of the other provisions of this Settlement Agreement.

    5.9    Counterparts. The Parties (and Class Representatives on behalf of Plaintiffs) may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Class Representatives and Defendants have signed the same instrument. Any signature made and transmitted by facsimile or email for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding.

DATED: July 12, 2012

_____  
HENRY MCLEAN  
Individually and as Class Representative

_____  
EDWIN RIVERA  
Individually and as Class Representative

GARAGE MANAGEMENT CORP., GARAGE MANAGEMENT ASSOCIATES LLC, CHAPMAN CONSULTING PAYROLL LLC, CHAPMAN CONSULTING LLC

BY: _____   as _____  
                                        CEO

Gordon Hamm  
For

RICHARD CHAPMAN,  
Individually and As Employer

Gordon Hamm

REVIEWED AND APPROVED:

KAHN OPTON LLP

_____  
Stephen H. Kahn  
As Class Counsel

APPROVED AS TO FORM:

LITTLER MENDELSON, P.C.

_____  
A. Michael Weber  
As Attorney for Defendants